GREGORY, Circuit Judge,
dissenting:
I disagree with the majority’s holding that the district court abused its discretion in certifying Soutter’s class. While the majority correctly recites the standard guiding this Court’s typicality analysis under Federal Rule of Civil Procedure 23, its application impermissibly narrows the class representative’s claim and greatly impedes the future of class actions against Credit Reporting Agencies (CRAs) under the pertinent provisions of the Fair Credit Reporting Act (FCRA). Therefore, I respectfully dissent.
The typicality requirement of Rule 23(a)(3), as underscored by the majority, is not satisfied where “the variation in claims strikes at the heart of the respective causes of action.” Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir.2006). At the “heart” of § 1681e(b) are two requirements: (1) that the credit report is inaccurate; and (2) that the CRA did not employ reasonable procedures to ensure maximum possible accuracy of the credit reports it furnished. Dalton v. Capital Associated Indus., 257 F.3d 409, 415 (4th Cir.2001). For Soutter, so long as proving these elements for her claim advances the claims of other class members, she is a typical class representative. See Deiter, 436 F.3d at 466 (“The essence of the typicality requirement is captured by the notion that ‘as goes the claim of the named plaintiff, so go the claims of the class.’ ”) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir.1998)).
Inhibiting Soutter’s ability to satisfy the second requirement, the majority narrows the scope of the reasonableness inquiry by creatively assessing the handful of procedures employed by Equifax’s vendor, Lex-isNexis. The majority asserts: “Proof that Equifax’s behavior was unreasonable because of the manner in which LexisNex-is collected data from the Richmond General District Court in Soutter’s case does not ‘advance’ the claim of a class member whose judgment was from a circuit court in 2010.” This analysis, however, misses the point; liability under 15 U.S.C. § 1681e(b) is not limited to the actions of a CRA vendor. Rather, it reaches the CRA itself. In fact, § 1681e(b) provides: “Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.” (Emphasis added). The reasonableness of preparing a consumer report extends beyond how a CRA vendor collects data; included in the inquiry is the CRA’s reliance on the information it receives.
*267 Consistent with this understanding, we have held that where a CRA “had no procedures governing the sources that a subvendor could rely upon,” a court could determine that the CRA did not employ reasonable procedures under § 1681e(b). Dalton, 257 F.3d at 416-17. Likewise, a court could determine that Equifax’s procedures were unreasonable because they fashioned an inefficient system that failed to monitor, review, and correct the prevalent errors caused by its vendor. Proving that these procedures — or lack thereof— were unreasonable would not only advance Soutter’s claim, but would advance the claims of the entire class. Put differently, the district court would not need to conduct mini-trials for each member of Sout-ter’s class.
This is the argument posited by Soutter in her Complaint and argued in her brief. Additionally, in light of the facts presented before it, this is the position the district court relied on in exercising its discretion to certify the class. See Soutter v. Equifax Info. Services, LLC, 3:10CV107, 2011 WL 1226025 (E.D.Va. Mar. 30, 2011) (“Equifax’s knowledge of the allegedly unreasonable uniform procedures used by LexisNexis, the actual vendor collecting the information, was the same for Soutter, as for the class.”) (emphasis added). The majority, however, evades this argument by misdirecting the inquiry into a determination of what LexisNexis did.
In the same vein, the majority narrows its focus as to whether the class can prove willfulness by looking at the individual circumstances surrounding Soutter. While demonstrating that Soutter sent letters to Equifax would certainly advance her individual claim, such specific proof is not necessary to prove that Equifax acted willfully to the entire class. Instead, to prove willfulness under the FCRA, the class would need to establish that Equifax acted either knowingly or recklessly. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 59-60, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). Thus, if Equifax’s procedures — or again, lack thereof — entailed “an unjustifiably high risk of harm that is either known or so obvious that it should be known,” this finding would advance the claims of the entire class. See id. at 68, 127 S.Ct. 2201 (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).
Ultimately, under the majority’s constricted analysis, CRA’s are encouraged to hide behind the inconsistencies of their vendors and, in turn, are shielded from significant liability — even if they fail to assure maximum possible accuracy in their credit reports. This is because, so long as vendors use varying procedures, no plaintiff will be a typical class representative, and consequently, no class will be certified. CRAs will remain subject to only small individual claims, such as those covered by Soutter’s class (between $100 and $1,000). Yet, because potential plaintiffs might not be aware of their claims or are otherwise unwilling to pursue such small amounts, it is likely that these claims will go without redress. If we follow the majority’s reasoning, little can be done to carry out the FCRA’s purpose of eliminating CRA reports that “are systematically biased against the consumer.” 115 Cong. Rec. 2410, 2412 (1969) (statement of Sen. Proxmire); see also Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 147 (4th Cir.2008) (“To this end, FCRA requires CRAs to follow procedures in reporting consumer credit information that ... are ‘fair and equitable to the consumer.’ ”) (citing 15 U.S.C. § 1681(b)). For these reasons, I dissent.